**TRANSNOR (BERMUDA) LIMITED, Plaintiff,**

v.

**BP NORTH AMERICA PETROLEUM, et al., Defendants.**

**86 Civ. 1493 (WCC).**

United States District Court, S.D. New York.

Feb. 3, 1988.

Leaf Sternklar & Drogin, New York City, for plaintiff; Edward J. Swan, of counsel.

Sullivan & Cromwell, New York City, for defendant Exxon Corp.; Gandolfo V. DiBlasi, Michael Straus, of counsel.

Shea & Gould, New York City, for defendant BP Oil Intern., Ltd.; Bruce A. Hecker, Joseph Ferraro, of counsel.

Hertzog, Calamari & Gleason, New York City, for defendant Shell Oil Co.; Peter Calamari, of counsel.

Davis, Markel & Edwards, New York City, for Conoco Inc. and Conoco Ltd.; Gregory Markel, of counsel.

Cravath, Swaine & Moore, New York City, for defendants Shell U.K. Ltd., Shell Intern. Trading Co., Royal Dutch Petroleum Co., and the "Shell" Transport and Trading Co., P.L.C.; John R. Hupper, Robin C. Landis, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Defendants BP Oil International, Ltd., Exxon Corporation, Shell Oil Company, Conoco Inc., Conoco (U.K.) Ltd., Shell U.K. Limited and Shell International Trading Company have moved (1) for certification of this Court's August 5, 1987 Opinion and Order for immediate appeal pursuant to 28 U.S.C. § 1292(b), and (2) for a stay of discovery pending disposition of any such appeal. For the reasons outlined below, defendants' motions are denied.

*Discussion*

In an opinion and order dated August 5, 1987 (hereinafter "Order"), this Court denied defendants' motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. One of the grounds which had been advanced by defendants in their motion was that plaintiff lacked standing under the Sherman Act, 15 U.S.C. §§ 1 *et seq.* Taking the facts alleged in the complaint as true, as the Court must on a motion to dismiss, the Court found that the Brent Oil Market, in which plaintiff suffered its injury, "is primarily a U.S. market" (Order at 4) or is, at the very least, "part of U.S. commerce." (Order at 4). Relying on well-settled precedent, the Court held that plaintiff had standing under the antitrust laws even though the contracts at issue were made by Transnor through the London branch of the Brent Market, and not in New York or Houston. *See, e.g., Pfizer v. India,* 434 U.S. 308, 98 S.Ct. 584, 54 L.Ed.2d 563 (1978) and Order at 6–8.

Defendants have now moved the Court to certify for immediate appeal the ques-

tion of "whether Transnor, a foreign corporation which engaged in no business in this country, has standing to sue for injuries allegedly suffered in wholly foreign trading on *an international market* merely because it is alleged that there are U.S. participants trading in that market as well." (emphasis added) (Defendants' Reply Memorandum in Support of Their Motion dated October 28, 1987). This question, however, misstates the underlying basis for the Court's initial ruling, where the Court specifically accepted as true the unrefuted allegation that the Brent market is *a U.S. market*, and not merely an international market. Had the Court found that the Brent market was merely an international market with no direct impact on U.S. commerce, defendants' request for certification for immediate appeal of the issue quoted above might be appropriate.

If, after conducting pre-trial discovery, defendants uncover evidence indicating that the Brent Market is indeed an international market with no direct impact on U.S. commerce, then it may be appropriate for them to move for summary judgment on the ground that plaintiff lacks standing under the antitrust laws. At this time, however, the issue which defendants wish certified for appeal is a hypothetical one which was not addressed in the Court's original opinion and order.

*Conclusion*

For the reasons outlined above, defendants' motion for certification is denied, as is the motion to stay discovery.

So ordered.